**IN THE UNITED STATES DISTRICT COURT FOR THE
SOUTHERN DISTRICT OF ALABAMA
SOUTHERN DIVISION**

| | |
|---|---|
| **SHERMAN FAMILY CHARITABLE FOUNDATION, INC.,** ) ) ) | |
| **Plaintiff,** ) ) | |
| vs. ) ) | **CIVIL ACTION NO 07-0472-KD-B** |
| **M/V CARIBBEAN MERCY, Number 5280930, her Engines, Hull, Tackle, Gear, Appurtenances, etc.,** *in rem*, ) ) ) ) ) | *In Admiralty under Rule 9(h)* *In Rem* |
| **Defendant.** ) | |

## ORDER

This matter is before the court on the motion to release the order of arrest or alternatively to set bond for release of the M/V Caribbean Mercy filed by Hope II, Inc., the charterer/operator of the vessel and the response in opposition filed by plaintiff Sherman Family Charitable Foundation, Inc. (Docs. 5, 13). On July 5, 2007, a hearing pursuant to Supplement Rule E(4)(f) of the Federal Rules of Civil Procedure was held. Blane H. Crutchfield and Norman M. Stockman appeared for plaintiff and Richard O. Kingrea appeared for the movant Hope II, Inc.

Upon consideration of the foregoing and for the reasons more specifically set forth on the record, the court finds that plaintiff has established probable cause and reasonable grounds for the arrest. Therefore, the motion to release the order of arrest (doc. 5) is **DENIED.** A decision upon Hope II, Inc.'s alternative motion to set bond for release of the vessel is deferred and the evidentiary hearing as to this issue is re-scheduled for **2:00 p.m on Monday, July 9, 2007.**

I. Background

On June 30, 2007, plaintiff Sherman Family Charitable Foundation, Inc., filed a complaint asserting a possessory and petitory action against the M/V Carribean Mercy, M/V

Dockets.Justia.com

Carribean Mercy, *in rem*. (Doc. 1). Plaintiff alleges Hope II, Inc, is in default of the terms of the Memorandum of Agreement wherein it agreed to charter the vessel for use in delivering charitable medical services on the Caribbean and Gulf Coasts and also obtained an option to purchase the vessel. Hope II, Inc., disputes that it was in default and the dispute is proceeding in arbitration in New Mexico. Plaintiff alleges that despite its default, Hope II, Inc, intends to sail the vessel to the Republic of Panama without the permission of plaintiff and that Hope II, Inc.'s continued possession and this voyage are in violation of plaintiff's rights as owner. (Doc. 1).

Upon review of the verified complaint and supporting pleadings and pursuant to Rule D of the Supplemental Rules for Certain Admiralty and Maritime Claims, the undersigned granted the motion for order of arrest and issued a Warrant for Arrest of the M/V Caribbean Mercy on July 1, 2007. (Docs. 2, 3). Subsequently, on July 3, 2007, Hope II, Inc. filed a motion to release the order of arrest, or alternatively to set bond for release of the vessel and a motion for hearing. (Docs. 5, 6). In the motion, Hope II, Inc., argues that it has not breached the agreement or if so, the breach was minor and technical and not the basis for an arrest of the vessel. Alternatively, Hope II, Inc. argues that upon posting of security in an amount not greater than $121,000.00, the value of the vessel when it was sold to plaintiff, or not greater than $200,000.00, the value of the promissory note between plaintiff and Hope II, Inc., the vessel should be released to the custody of Hope II, Inc. The motion for hearing was granted and a hearing was scheduled for July 5, 2007.

Also, on July 5, 2007, plaintiff filed its response in opposition to the motion to release the vessel. (Doc. 13). In its response plaintiff argues that it sought arrest of the vessel to prevent Hope II, Inc. or its purported assignee from taking the ship to Panama for any use, thus

2

circumventing the parties' pending arbitration and exposing plaintiff to liabilities.  Plaintiff also argues that probable cause or reasonable grounds exist to support the arrest of the vessel based on the undisputed fact that plaintiff has title to the vessel and that the lessee of the vessel has breached the contract which gave it the right of possession.  Plaintiff also argues that the alternative motion for release of the vessel on posting of security should be denied but in the event that the court determined that the vessel should be released with security the amount should be at least $1,200,000.  Substantially the same arguments were raised at the evidentiary hearing but for Hope II, Inc.'s argument that the Memorandum of Agreement was actually a sale of the vessel as opposed to a charter or a lease and that plaintiff would retain title until payment for the vessel was complete.

II.  Discussion

At a post-attachment hearing, the plaintiff has the burden to establish probable cause for the arrest.  Continental Ins. Co. v. Adriatic Tankers Shipping Co., 1995 WL 649942 (E.D. La.1995); 20th Century Fox Film Corp. v. M.V. Ship Agencies, Inc., 992 F. Supp. 1423, 1427 (M.D. Fla.1997); Supplemental Admiralty and Maritime Claims Rule E(4)(f).  The hearing is not intended to definitively resolve the dispute between the parties; rather, the Court must make a preliminary determination whether reasonable grounds exist for the attachment.  Salazar v. Atlantic Sun, 881 F.3d 73, 79-80 (3d Cir.1989);  20th Century Fox, 992 F. Supp. at 1427;  A. Coker and Company v. National Shipping Agency Corporation, 1999 WL 311941,*1 (E.D. La. 1999).

The facts of this case show that plaintiff had reasonable grounds and probable cause to request arrest of the vessel.  While there may be conflicting evidence of various interests in the

vessel, there is no dispute that title to the vessel remains vested in the plaintiff.  In 20th Century Fox, the court upheld the attachment in a circumstance involving conflicting evidence of ownership. Id. at 1427.  The court noted that "without the amplification provided by discovery and proof" the evidence, although conflicting, was sufficient to establish probable cause and reasonable grounds for the issuance of the writ of attachment. Id.

Accordingly, upon consideration of the foregoing and for the reasons more specifically set forth on the record, the court finds that plaintiff has established probable cause and reasonable grounds for the arrest.  Therefore, the motion to release the order of arrest (doc. 5) is **DENIED.**  A decision upon Hope II, Inc.'s alternative motion to set bond for release of the vessel is deferred and the evidentiary hearing as to this issue is re-scheduled for **2:00 p.m on Monday, July 9, 2007.**

**DONE** and **ORDERED** this the 5th day of July, 2007.

        **s / Kristi K. DuBose**
        **KRISTI K. DuBOSE**
        **UNITED STATES DISTRICT JUDGE**